United States Courts
Southern District of Texas
FILED

MAY 20 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLENE YOAKUM,                          §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §       CIVIL ACTION NO. _____
                                          §
TPUSA, INC. d/b/a TELEPERFORMANCE,        §
                                          §
        Defendant.                        §

## ORIGINAL COMPLAINT

Plaintiff Charlene Yoakum files this Original Complaint against Defendant TPUSA, Inc. d/b/a Teleperformance and respectfully states as follows:

### I. INTRODUCTION

1.    This is an employment discrimination, harassment, and retaliation action arising under Title VII of the Civil Rights Act of 1964.

2.    Plaintiff was subjected to ongoing harassment, excessive scrutiny, disparate treatment, and retaliatory disciplinary actions while employed by Defendant.

3.    Plaintiff repeatedly attempted to address the conduct internally and requested assistance and intervention from management and human resources.

4.    Rather than adequately addressing Plaintiff's concerns, Defendant continued subjecting Plaintiff to heightened monitoring, repeated write-ups, and retaliatory treatment that created a hostile and emotionally distressing work environment.

5.    As a result of Defendant's conduct, Plaintiff suffered severe emotional distress, financial hardship, loss of income, housing instability, therapy expenses, and other damages.

6.    Plaintiff exhausted administrative remedies through the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue.

### II. PARTIES

7.    Plaintiff Charlene Yoakum is an individual residing in Houston, Harris County, Texas.

8.    Defendant TPUSA, Inc. d/b/a Teleperformance is a business entity conducting business in Texas and may be served through its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### III. JURISDICTION

9.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including Title VII of the Civil Rights Act of 1964.

10.    Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this district.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.    Plaintiff timely filed a Charge of Discrimination with the EEOC.

12.    Plaintiff subsequently received a Notice of Right to Sue from the EEOC.

13.    This lawsuit is filed within the applicable statutory period following receipt of the Notice of Right to Sue.

### V. FACTUAL BACKGROUND

14.    Plaintiff was employed by Defendant TPUSA, Inc. d/b/a Teleperformance.
15.    During Plaintiff's employment, Plaintiff experienced repeated harassment,

heightened scrutiny, excessive monitoring, and disciplinary actions that were not consistently applied to other employees.

16.    Beginning around February 2025 and continuing through approximately April 2025, Plaintiff worked under supervisor Keyshaunia Jolly.

17.    During this period, Plaintiff experienced increased write-ups, excessive calls, repeated messages, and heightened monitoring that contributed to a hostile and stressful work environment.

18.    Defendant maintained a clean desk policy restricting employees from having or actively using personal cellular phones while working.

19.    Despite this policy, Plaintiff's supervisor repeatedly attempted to contact Plaintiff through personal phone calls, text messages, and chats, while simultaneously criticizing Plaintiff for not responding quickly enough.

20.    Plaintiff reasonably believed this conduct was unfair, inconsistent, and targeted.

21.    Plaintiff raised concerns internally and sought assistance regarding the treatment Plaintiff was experiencing.

22.    Plaintiff also requested review of disciplinary actions and requested changes intended to address the ongoing workplace issues.

23.    Rather than meaningfully resolving Plaintiff's concerns, Defendant continued subjecting Plaintiff to heightened scrutiny and disciplinary actions.

24.    The ongoing conduct caused Plaintiff significant emotional distress, anxiety, and financial hardship.

25.    Plaintiff sought therapy and mental health support as a result of the stress and emotional impact associated with Defendant's conduct.

26.    Plaintiff additionally suffered severe financial consequences, including housing instability and loss of income.

27.    Defendant's conduct created an intimidating, hostile, and offensive work environment that interfered with Plaintiff's ability to work.

## VI. CAUSES OF ACTION

### COUNT ONE – TITLE VII DISCRIMINATION

28.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

29.    Defendant subjected Plaintiff to disparate treatment, harassment, and adverse employment actions in violation of Title VII.

30.    Defendant's conduct was intentional, willful, malicious, and/or carried out with reckless disregard for Plaintiff's protected rights.

### COUNT TWO – HOSTILE WORK ENVIRONMENT

31.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32.    Defendant subjected Plaintiff to severe and pervasive harassment, heightened scrutiny, excessive monitoring, and retaliatory conduct sufficient to create a hostile work environment.

33.    The conduct unreasonably interfered with Plaintiff's work performance and caused emotional distress and damages.

### COUNT THREE – RETALIATION

34.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

35.    Plaintiff engaged in protected activity by complaining about workplace treatment and requesting intervention and review.

36.    Following Plaintiff's complaints and requests for assistance, Defendant subjected Plaintiff to continued disciplinary actions, heightened scrutiny, and retaliatory treatment.

37.    Defendant's retaliatory conduct violated Title VII.

## VII. DAMAGES

38.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including:

   a. lost wages and lost income;
   b. emotional distress;
   c. mental anguish;
   d. therapy and treatment expenses;
   e. financial hardship;
   f. housing-related damages;
   g. court costs and allowable fees; and
   h. all other relief permitted by law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial Plaintiff recover:

a. compensatory damages;
b. punitive damages as permitted by law;
c. costs of court;
d. pre-judgment and post-judgment interest; and
e. all further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

Charlene Yoakum
Plaintiff Pro Se
Houston, Texas

May 06, 2026

Clerk of Court
United States District Court
Southern District of Texas – Houston Division

Re: Charlene Yoakum v. TPUSA, Inc. d/b/a Teleperformance

Dear Clerk:

Please accept the enclosed documents for filing in the above-referenced matter:

1. Original Complaint;
2. Civil Cover Sheet (JS-44);
3. Application to Proceed Without Prepaying Fees or Costs (IFP Application);
4. Summons; and
5. Exhibit A – EEOC Notice of Right to Sue.

Plaintiff respectfully requests that the Court file the enclosed complaint and issue summons for service upon Defendant.

Thank you for your time and attention to this matter.

Respectfully submitted,


Charlene Yoakum
Plaintiff Pro Se
Houston, Texas